IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 NOV -8 PM 2: 56

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

CARREKER CORPORATION, ,            )
                                   )
            Plaintiff,             )
                                   )
vs.                                )          No. 05-0209DV
                                   )
RONALD SCHULTZ and                 )
JERRY BOWMAN,                      )
                                   )
            Defendants.            )

---

ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO
REQUIRE THE PLAINTIFF TO SPECIFY WITH PARTICULARITY

---

Before the court is the September 30, 2005 motion of the defendants, Ronald Schultz and Jerry Bowman, for a protective order requiring that the plaintiff, Carreker Corporation, state with specificity the trade secrets which it alleges the defendants appropriated.[1]   The motion was referred to the United States Magistrate Judge for determination.  For the reasons that follow, the motion is denied.

Carreker filed this lawsuit against Bowman and Schultz, two former employees who are now employed by VECTORsgi ("Vector"), a competitor of Carreker, alleging that Bowman and Schultz misappropriated trade secrets.  Carreker has developed products and

---

    [1]   The defendants' motion also sought a protective order limiting review of certain documents to outside counsel and retained experts.   The parties have agreed to and submitted a Stipulated Protective Order that addresses this issue, and the court has approved the Stipulated Protective Order.   Accordingly, this issue is moot.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

services to aid financial institutions in implementing and complying with the Check Clearing for the 21st Century Act ("Check 21"), signed into law on October 28, 2003.

As part of discovery in this lawsuit, Carreker issued requests for production of documents to Schultz and Bowman and also served a subpoena on their present employer, Vector, in Texas. Vector filed a motion to quash the subpoena in federal court in Texas. Vector's motion to quash was similar to Schultz and Bowman's instant motion for protective order. After a hearing on the motion, United States Magistrate Judge Irma C. Ramirez of the United States District Court for the Northern District of Texas ordered Vector to produce certain categories of documents which were the subject of the subpoena. *Carreker Corp. v. Schultz and Bowman*, No. 3:05-MC-0111B, (N. D. Tex., October 13, 2005). The order also provided that "no later than 5:00 p.m. on Friday, October 28, 2005, plaintiff shall provide to VECTORsgi's counsel a written list of all specific aspects of the "Check 21" program which it contends are at issue in this litigation." *Id.* at 2.

In the present motion, the defendants ask the court to require Carreker to identify the trade secrets at issue in this lawsuit before they respond to discovery. In response to the motion, Carreker insists that it has already done so. First, as part of its initial disclosures, Carreker provided defense counsel with copies of 591 pages of documents and four additional pages showing

2

that the 591 pages of documents provided were e-mailed by Schultz to Bowman's personal e-mail address after both Schultz and Bowman had resigned from Carreker's emplyment. Carreker claims that these documents include detailed information describing Carreker's "trade secrets and products relating to the Check 21 Act." In addition, Carreker claims that in connection with the proceedings in Texas, it has identified specific aspects of its products and services at issue in this litigation. Pursuant to Judge Ramirez's October 13, 2005 order, Carreker submitted a list on October 28, 2005 to defense counsel which identified "all specific aspects of the "Check 21" program that Carreker contends are at issue in this litigation," specifically "1. Image Exchange program (or product), and 2. Distributed Traffic Agent program (or product)." (Pl. Carreker Corp.'s Resp. to Defs.' Mot. for Protective Order, Ex. 3.)

Although the defendants dispute that the information contained in the 591 pages of documents produced are proprietary to Carreker, (*see* Aff. Of Ron Schultz, Doc. No. 14), the court finds that Carreker has sufficiently identified the aspects of its products and services which it contends are trade secrets or confidential information. Accordingly, the defendants' motion for a protective order is denied. The defendants are instructed to file responses to Carreker's requests for production of documents within fifteen days of the date of service of this order.

3

IT IS SO ORDERED.

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 16 in case 2:05-CV-02209 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

---

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT