IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARREKER CORPORATION,<br>    Plaintiff/ Counter-Defendant,<br><br>v.<br><br>RONALD SCHULTZ and<br>JERRY BOWMAN,<br>    Defendants/ Counter-Plaintiffs. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>  Case No. **05-2209-D/V** |

## STIPULATED PROTECTIVE ORDER

Upon agreement by Carreker Corporation ("Carreker"), Ronald Schultz ("Schultz"), and Jerry Bowman ("Bowman") (Schultz and Bowman are collectively referred to as "Defendants"), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Stipulated Protective Order is entered to govern and facilitate document disclosure and production in the referenced matter.

In support of this Order, the Court finds that:

Carreker initiated the above-captioned lawsuit ("Lawsuit") on March 17, 2005. On August 25, 2005, Carreker caused to be issued from the United States District Court for the Northern District of Texas a Subpoena in a Civil Case (the "Subpoena") directed to Vector, a Delaware corporation with its principal place of business in Addison, Texas. Vector is not a party to the Lawsuit, but is the current employer of Defendants Schultz and Bowman.

Carreker alleges in this Lawsuit that in connection with the termination of their previous employment at Carreker, Mr. Schultz and Mr. Bowman misappropriated certain trade secret information from Carreker and that they may be using those trade secrets in their work at Vector. The Subpoena called for the production by Vector to Carreker of documents

**STIPULATED PROTECTIVE ORDER -- PAGE 1**

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

and information containing trade secrets of Vector which Carreker contends are or may be relevant to their claims in the Lawsuit.

In response to the Subpoena, Vector filed a motion A Motion to Quash Subpoena and for Protective Order, Objections to Subpoena and Brief in Support, as amended (the "Motion"), which was assigned Cause No.3:05 - MC-0111-B (the "Discovery Action") and was referred to United States Magistrate Judge, Irma Carrillo Ramirez, for recommendation or determination. The Motion was heard on October 13, 2005 and the Magistrate Judge entered an order on October 14, 2005 granting in part and denying in part the Motion. Vector timely appealed a portion of the Magistrate Judge's order. Because the Subpoena, as modified by and pursuant to the Magistrate Judge's Order, called for the production of documents that contain, identify or disclose trade secrets and confidential information of Vector and its customers, the order required Carreker and Vector to submit to the Court an agreed protective order "delineating the conditions under which documents will be produced." Carreker and Vector did so, and a copy of that Stipulated Protective Order is attached as Exhibit 1.

The parties to this Lawsuit, Carreker, Schultz, and Bowman, recognize that certain discovery requests in this matter will also call for the production of documents that contain, identify, or disclose trade secrets of Carreker and its customers and Vector and its customers. The parties have agreed that the production of documents in this matter should be consistent with the Stipulated Protective Order submitted to the U.S. District Court for the Northern District of Texas. Therefore, the parties have submitted to the Court an agreed protective order proscribing the conditions under which documents will be produced.

Accordingly, **IT IS ORDERED THAT:**

1. All documents and things disclosed or produced pursuant in connection with this Lawsuit that constitute, contain, reveal, or reflect proprietary or confidential trade secret, technical, business, financial, and/or personnel information ("Confidential Information") are referred to herein as "Protected Documents." Except as otherwise indicated below, all Protected Documents produced shall be designated by the producing party as either "Confidential" or "Attorneys' Eyes Only," and are entitled to confidential treatment as described below.

2. Protected Documents may be designated "Confidential" if the producing party believes in good faith that such documents contain or disclose in any way Confidential Information. Protected Documents may be designated "Attorneys' Eyes Only" if the producing party believes in good faith that such documents contain highly confidential financial information, customer information, marketing information (*e.g.*, sales, revenues, costs, profits, margins, sales or marketing projections and plans, and actual or projected market penetration), information proprietary to customers and/or highly-sensitive technical information (*e.g.*, design documents and source code).

3. Protected Documents shall not include (i) advertising materials or (ii) materials that on their face show that they have been published to the general public.

4. At any time after the delivery of Protected Documents, counsel for the party receiving the Protected Documents may challenge the Confidential and/or Attorneys' Eyes Only designation of all or any portion thereof by providing written notice thereof to counsel of record in the Discovery Action for the party disclosing or producing the Protected Documents. If the parties cannot resolve the objection within ten (10) business days after the time the objection was received, the receiving party shall file a written objection with this Court. The producing party shall thereafter file a written reply to the receiving party's

objection within seven (7) days establishing that the Protected Documents are entitled to protection as either Confidential or Attorneys' Eyes Only in accordance with this Protective Order. During the time period in which a written objection is pending with the Court, the disputed material at issue shall be treated as it was originally designated and this Protective Order shall remain in full force and effect with respect to the Protected Documents at issue. Only if the Court issues an order sustaining the receiving party's objection will the disputed material be re-designated.

5. Subject to the provisions of Section 5(b)(ii) below, Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

> (a) Protected Documents of the producing party shall not be kept on any of the premises of the receiving party. Protected Documents may only be kept in the custody of outside counsel of record for Carreker, Schultz, or Bowman (defined to include only Burch, Porter & Johnson, PLLC, and Locke Liddell & Sapp LLP for Carreker, and Baker, Donelson, Bearman, Caldwell, and Berkowitz, PC, for Schultz and Bowman) parties in the Discovery Action or the custody of outside experts or consultants for a receiving party (as addressed below) who are subject to and bound by this Protective Order, provided that the experts and consultants segregate the Protected Documents from other information, and maintain the Protected Documents in a secure location.
>
> (b) Protected Documents and any information contained therein shall be used by the receiving party solely for the prosecution and/or defense of the Lawsuit and the Discovery Action. Protected Documents and any

information contained therein shall not be disclosed to any person except to the Court (as provided below) or the following persons ("Qualified Persons"):

(i) Protected Documents marked "Attorneys' Eyes Only" and any information contained therein shall be disclosed *only* to outside counsel of record for the party receiving Protected Documents, associates and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of the Lawsuit, all of whom shall be bound by this Protective Order; independent experts or consultants and their support staff retained by counsel of record to assist in the Lawsuit or the Discovery Action and designated pursuant to the provisions of Section 5(c) below; and any other person as to whom the parties expressly agree in writing.

(ii) As of the date of entry of this Stipulated Protective Order, Carreker and Defendants are not in agreement on the issue of whether Protected Documents marked "Attorneys' Eyes Only" should be subject to review and custody by in-house counsel of Carreker and/or by other Designated Party Representative(s) and have agreed to continue in their efforts to resolve that issue to the Court's satisfaction on or before the expiration of 30 days from the date of this order or, if later, 5 days after resolution of any objections presented pursuant to FED.R. CIV. P. 72 to the U.S. District Court for the Northern District of Texas regarding the magistrate judge's order in the Discovery Action.

    Thereafter, the issue may be submitted to this Court for resolution. Pending resolution of this issue, Protected Documents marked "Attorneys' Eyes Only" shall not be subjected to review by or placed in the custody of in-house counsel of a party or other Designated Party Representative(s).

(iii) In addition to the persons listed in (i) above, Protected Documents marked only as "Confidential" may be disclosed to in-house counsel of Carreker and/or to the Designated Party Representative(s), pursuant to the provisions of section (iv) below, of the party receiving the Protected Documents.

(iv) "Designated Party Representative" means and shall be limited to two employees of Carreker, provided that each such Designated Party Representative (1) reads this Stipulated Protective Order, (2) executes a Declaration of Acknowledgement and Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A before obtaining access to any Protected Documents, and (3) transmits a copy of the executed Declaration of Acknowledgement and Agreement to be Bound by Protective Order to the party producing such Protected Documents by no later than 5 calendar days before the disclosure of the Protected Documents. At least 5 days prior to the provision of Protected Documents to a desired Designated Party Representative, Carreker shall designate in writing to the

        producing party the name of any employee it intends to have serve as a Designated Party Representative.

    (v)    Subject to the terms of this Protective Order, Protected Documents marked "Attorneys' Eyes Only" or "Confidential" may be disclosed to any person who appears as an author, addressee, or recipient on the face of the document or to any current officer, director, managing agent or attorney of record of the party producing the document, provided it is shown by deposition or other discovery that such officer, director, managing agent or attorney actually was or is generally permitted access to such Protected Documents or the information contained therein by the producing party.

(c)    An independent expert or consultant pursuant to section 5(b)(i) must not currently be or have been at any time since January 1, 2005, an investor or shareholder in, or an officer, director, partner or employee or consultant of, any of Carreker, Vector, or a competitor of Carreker or Vector. Before any disclosure of Confidential Information is made to any independent expert or consultant pursuant to section 5(b)(i) above, the following must occur:

    (i)    The individual to whom disclosure is to be made must be given a copy of this Protective Order, and the provisions of this Protective Order must be explained to the individual to whom disclosure is to be made by an attorney; and

(ii) The individual to whom disclosure is to be made must sign a Declaration of Acknowledgement and Agreement to be Bound by Protective Order in the form of the attached Exhibit A.

(iii) Regarding a party's expert(s) or consultant(s) to whom Protected Documents marked "Attorneys' Eyes Only" are to be disclosed, prior to disclosure the party seeking to disclose must comply with the following:

A. Each such Declaration of Acknowledgement and Agreement to be Bound by Protective Order executed by a party's expert(s) or consultant(s), along with a current copy of the expert's or consultant's curriculum vitae, a list of each expert or consultant's publications for the past 10 years, a list of all consulting engagements in which the expert or consultant has participated in the preceding five years, and a list of each expert or consultant's trial and/or deposition testimony given in the preceding four years shall be transmitted to outside counsel of record for the party from which the Protected Documents were obtained.

B. If a party believes that disclosure of its Protected Documents to the other party's expert(s) or consultant(s) would injure or prejudice the party producing the

**STIPULATED PROTECTIVE ORDER - - PAGE 8**

Protected Documents, that party may object in writing within seven (7) calendar days of receipt of the materials set forth in section 5(c)(iii)(A) above.

  C. If the parties cannot resolve a dispute regarding disclosure to a designated recipient, the party who is objecting to such disclosure may apply to this Court for an order prohibiting disclosure of Protected Documents to such person. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the producing party has fifteen (15) days from receipt of the information identified in section 5(c)(iii)(A) above to bring a motion to preclude the outside expert or consultant from viewing the producing party's Protected Documents. The filing of such motion precludes the receiving party from disclosing any Confidential Information of the objecting party to the outside expert or consultant at issue until the motion is resolved, either by agreement or by order of the Court. If the producing party does not bring such a timely motion, Protected Documents may be disclosed to the outside expert or consultant as provided herein.

(d) Any Protected Document containing or embodying Confidential Information that is to be filed in the Lawsuit or the Discovery Action shall be filed under seal in accordance with the applicable local rules and shall in all respects be subject to the provisions of this Protective Order. The party making such filing shall, on or before the day of the filing, serve notice of the filing on the producing party.

**STIPULATED PROTECTIVE ORDER -- PAGE 9**

(e) Any portion of a deposition in the Lawsuit in which Carreker or any witness discloses in any manner any Protected Documents shall be designated by Carreker as "Confidential" or "Attorneys' Eyes Only," in accordance with the designation made by Defendants, by a statement to that effect on the record and on any transcript and shall be separately bound in a confidential volume, and, if required, be separately filed as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential depositions or portions thereof.

(f) Prior to the filing or use of any Protected Documents or Confidential Information contained therein in a deposition or otherwise in the Lawsuit, Carreker shall take all necessary steps in the Lawsuit to ensure that all Protected Documents and Confidential Information, including Protected Documents and Confidential Information produced by Vector in the Discovery Action, are subject to at least the same degree of non-disclosure and confidentiality in the Lawsuit as under the Protective Order agreed to in the Discovery Action, and Carreker shall provide immediate notice to Vector of such filing.

(g) Any documents produced in the Lawsuit or Discovery Action or otherwise pursuant to the Order may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver or privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall make best efforts to collect all copies of the documents

and return them to the producing party. In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney must notify the designating attorney in writing and the designating attorney shall, within five (5) days of such notice, file a motion to establish that the material is privileged or subject to herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential depositions or portions thereof.

(h) The term "copy" as used herein means any photographic, mechanical, electrical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

(i) To the extent Protected Documents or Confidential Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or Confidential Information contained therein.

(j) Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information or Protected Documents designated in accordance with this Protective Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

(k) Inadvertent or unintentional production of Protected Documents or Confidential Information which are not designated "Confidential" and/or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

(l) The party receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, publish or publicize Protected Documents or any Confidential Information contained therein.

6. Should a party seek to use any Protected Documents or Confidential Information contained therein in open court or otherwise in a manner that would result in its disclosure other than as provided herein, the parties, Carreker and Defendants, agree to cooperate to try to seek a resolution and, if that fails, to submit the matter to the appropriate court for resolution.

7. After termination of this Lawsuit, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Protective Order following termination of the Discovery Action.

8. Within thirty (30) days of the termination of the Lawsuit by dismissal, judgment, or settlement, including all appeals, counsel for the party receiving Protected Documents shall return the Protected Documents (to the counsel for the party disclosing or producing the protected Documents including any and all copies thereof or certify to counsel for the disclosing party that all Protected Documents) have been destroyed. The party receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent

litigation provided that such use does not disclose Protected Documents or any Confidential Information contained therein.

9. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

10. This Court anticipates that as this Lawsuit continues need may arise for the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So **ORDERED** on this 7th day of November, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **CARREKER CORPORATION,** § | |
| Plaintiff/ Counter-Defendant, § | |
| § | |
| v. § | |
| § | Case No. <u>05-2209-D/V</u> |
| § | |
| **RONALD SCHULTZ and** § | |
| **JERRY BOWMAN,** § | |
| Defendants/ Counter-Plaintiffs. § | |

## DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ , declare under penalty of perjury under the laws of the United States that:

1. My address is:_____.

2. My present employer is_____ and its address is:

_____.

3. My present occupation or job description is:_____.

4. I received a copy of the Protective Order entered by the Court in the above captioned case; hereby attest to my understanding that information or documents in connection with the above-captioned case are provided to me pursuant to the terms, conditions and restrictions of the Protective Order; and hereby agree to be bound by its terms as if I were a party thereto. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Confidential Information and Protected Documents which are disclosed to me. I will return all Confidential

Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained.

_____     _____
Signature                                                             Printed Name

_____
Date

**AGREED:**

**BURCH, PORTER & JOHNSON, PLLC**

By: _____
Jef Feibelman
Doug Halijan
Mary Hale
130 N. Court Avenue
Memphis, TN 38103
(901) 524-5000- telephone
(901) 524-5024- facsimile
**COUNSEL FOR CARREKER CORPORATION**


**LOCKE LIDDELL & SAPP, LLP**

By: _____
Robert T. Mowery     by DH
Texas Bar No. 14607500   with permission
Vincent J. Hess
Texas Bar No. 09549417
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
**COUNSEL FOR CARREKER CORPORATION**


**BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PC**

By: _____
W. Michael Richards    by DH
165 Madison Avenue     with permission
First Tennessee Building
Memphis, TN 38103
(901)526-2000 - telephone
(901)577-2303 - facsimile

**COUNSEL FOR RONALD SCHULTZ AND JERRY BOWMAN**

## CERTIFICATE OF SERVICE

A true and correct copy of this Stipulated Protective Order has been served on all counsel of record via U.S. mail on this the 7 day of November, 2005.

*[signature]*

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:05-CV-02209 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

---

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT